CV 14          7203

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

KEVIN ELLIS,                                           :

                                    Plaintiff,         :       Case No. 14 Civ. _____

                                                       :

        v.                                             :       **COMPLAINT**
                                                               **AND**
THE CITY OF NEW YORK, a municipal entity; New          :       **JURY DEMAND**
York Police Department Officer KENNY TUCKER
(Shield No. 25322); and New York Police Department     :
Officer RIOS,
                                                       :       ECF CASE

                                    Defendants.        :

-------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.  This is a civil rights action seeking redress for physical, mental, and emotional injuries

suffered by plaintiff Kevin Ellis when NYPD Officers Tucker and Rios unlawfully arrested him

and maliciously battered him, including by spraying Mr. Ellis's face with pepper spray while Mr.

Ellis's hands were cuffed behind his back.

## JURISDICTION AND VENUE

2.  The Court has jurisdiction over the federal claims in this action pursuant to 28 U.S.C. §§

1331 and 1343(a)(3) and (4) and over the state law claims pursuant to 28 U.S.C. § 1367(a)

because the state law claims are so related to the federal claims that they form part of the same

case or controversy.

3.  On April 22, 2014, and within ninety days after the claims asserted in this Complaint

arose, plaintiff served a Notice of Claim upon the City of New York.  Plaintiff's Notice of Claim

is annexed hereto at Exhibit A.

4.  On June 10, 2014, plaintiff attended a hearing pursuant to section 50-h of the New York

General Municipal Law.

5. This action is filed within one year and ninety days of the events giving rise to plaintiff's claims. Thus, all the prerequisites of the New York General Municipal Law for filing suit have been met.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as this is the judicial district in which the events giving rise to plaintiff's claims took place.

## THE PARTIES

7. Plaintiff Kevin Ellis is a United States citizen residing at 596 Van Siclen Avenue in Brooklyn, New York.

8. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, and does maintain the New York City Police Department ("NYPD") for the purpose of law enforcement. At all times relevant hereto, the City of New York, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of NYPD matters and was responsible for the appointment, training, supervision, and conduct of NYPD personnel. In addition, at all relevant times hereto, the City of New York was responsible for enforcing the policies, customs, procedures, rules, and practices of the NYPD, and for ensuring that NYPD personnel follows these policies, customs, procedures, rules, and practices.

9. At all times relevant hereto, defendant Police Officer Kenny Tucker (Tax Registry No. 941108, Shield No. 25322) was an officer with the NYPD, acting in the capacity of agent, servant, and employee of defendant City of New York, within the scope of his employment as such, and acting under color of state law.

10. At all times relevant hereto, defendant Police Officer Rios (whose first name, Tax Registry Number, and Shield Number are presently unknown to the plaintiff) was an officer with

2

the NYPD, acting in the capacity of agent, servant, and employee of defendant City of New York, within the scope of his employment as such, and acting under color of state law.

11. At all times relevant hereto, defendants Police Officers Tucker and Rios were, upon information and belief, stationed at the NYPD's 63rd precinct in Brooklyn, New York.

## FACTS

12. On the night of March 11, 2014 / morning of March 12, 2014, at approximately midnight, Mr. Ellis was walking on the sidewalk of East 58th Street, near Avenue M, in Brooklyn, in the company of his childhood friend, Keysha Aguilar.

13. Mr. Ellis had just bought a slice of pizza at the local pizzeria and was eating it from a paper plate, as he and Ms. Aguilar walked towards Ms. Aguilar's home located a few blocks away on East 55th Street.

14. Mr. Ellis and Ms. Aguilar were not engaged in any illegal or suspicious activity of any kind.

15. As Mr. Ellis and Ms. Aguilar walked together on the sidewalk, Police Officers Tucker and Rios pulled up in an unmarked police car and exited the vehicle.

16. Without any explanation, Police Officer Tucker grabbed Mr. Ellis by the arms and threw him against the police car.

17. Police Officer Tucker then conducted a physical search of Mr. Ellis.

18. As the search revealed, Mr. Ellis was not in possession of any weapon or illegal substance of any kind. In fact, the only objects in Mr. Ellis's possession were his cellular telephone and his wallet, which contained his identification and approximately three hundred dollars in cash (representing the pay that Mr. Ellis had received from his employer that day).

3

19.  Police Officer Tucker took Mr. Ellis's identification and headed back to the police car. Police Officer Rios remained with Mr. Ellis.

20. While Police Officer Tucker was in the car, Mr. Ellis asked Police Officer Rios why the officers had stopped him.

21. Police Officer Rios responded that Mr. Ellis was stopped because he had dropped his paper plate on the ground while eating his slice of pizza.

22. Police Officer Tucker then returned from the police vehicle and claimed that Mr. Ellis had "two open warrants."  In fact, there were no such warrants against Mr. Ellis.

23. Police Officer Tucker immediately placed Mr. Ellis in handcuffs.  Police Officer Tucker used metal handcuffs, locking Mr. Ellis's arms behind his back.  Mr. Ellis offered no resistance.

24. Being handcuffed behind his back, Mr. Ellis was secured, posed no threat whatsoever, and was totally defenseless.

25. Mr. Ellis then asked the officers whether he could give his money to Ms. Aguilar because he did not want to go to the police precinct carrying three hundred dollars in cash.

26. Police Officer Tucker said "no" and, without warning or explanation, sprayed Mr. Ellis's left eye and face with mace (or pepper spray or some similar substance) at point-blank range.

27. Police Officer Rios failed to intervene in the obviously illegal actions of Police Officer Tucker, even though he had the opportunity to do so.

28. The actions and inactions of Police Officers Tucker and Rios at all times relevant hereto occurred without any fault or provocation on the part of Mr. Ellis.

29. The officers put Mr. Ellis in the back of their police car and transported him to the NYPD's 63rd precinct in Brooklyn.

30. At the precinct, Mr. Ellis was placed in a cell. Approximately thirty to forty five minutes later, Police Officer Rios came to Mr. Ellis's cell and told Mr. Ellis that he would be issued two tickets – one for littering, and one for disorderly conduct – if Mr. Ellis said nothing about the events that had transpired. Mr. Ellis said "all right," and he was issued the two tickets, a true and correct copy of which are attached to this complaint at Exhibit B.

31. Mr. Ellis then went to the emergency room of Kings County Hospital in Brooklyn for his injuries. He remained at Kings County Hospital until approximately 8:00 a.m. at which time he had to go to work.

32. The charges laid against Mr. Ellis by Police Officers Tucker and Rios were false. As a result of these baseless charges, Mr. Ellis was forced to appear in Court on June 12, 2014, and subsequently on a second occasion on July 15, 2014. Both of the charges laid against Mr. Ellis were dismissed.

33. The conduct of Police Officers Tucker and Rios was willful, malicious, wanton, unreasonable, unconscionable, and/or reckless, and was of such a nature that punitive damages are warranted.

34. As a direct and proximate cause of the actions of Police Officers Tucker and Rios, Mr. Ellis suffered personal injuries, including, but not limited to, extreme burning and stinging of the left eye, face and skin; inflammation of the left eye, lungs, nose and throat; temporary blindness; blurred vision; swelling of the left eye; disorientation; loss of balance and perception; respiratory injuries; as well as pain and suffering, mental anguish, embarrassment, humiliation, reputational injury, and other losses.

## FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983/Fourteenth Amendment – False Arrest
### (Against defendants Police Officers Tucker and Rios)

35. Plaintiff hereby repeats and realleges each allegation set forth in the foregoing paragraphs as if fully set forth herein.

36. In committing the acts and omissions complained of herein, and specifically by illegally stopping, searching, arresting, and detaining Mr. Ellis, and by failing to take appropriate measures to intercede and protect him from the acts and omissions described herein, Police Officers Tucker and Rios acted under color of state law to deprive Mr. Ellis of rights protected by the United States Constitution, including, but not limited to:

     a. the right to be free from unreasonable searches of his person;

     b. the right to be free from deprivation of liberty without due process of law; and

     c. the right to equal protection under the law.

37. In committing the acts and omissions complained of herein, Police Officers Tucker and Rios breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

38. As a direct and proximate result of Police Officers Tucker and Rios's violations of Mr. Ellis's rights under the United States Constitution, Mr. Ellis suffered the injuries set forth above.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983/Fourteenth Amendment – Excessive Force
### (Against defendants Police Officers Tucker and Rios)

39. Plaintiff hereby repeats and realleges each allegation set forth in the foregoing paragraphs as if fully set forth herein.

40. In committing the acts and omissions complained of herein, and specifically by using excessive and unnecessary force against Mr. Ellis and by failing to take appropriate measures to

6

intercede and protect him from the acts and omissions described herein, Police Officers Tucker and Rios acted under color of state law to deprive Mr. Ellis of rights protected by the United States Constitution, including, but not limited to:

      a.  the right to be free from unreasonable seizure of his person, including through excessive force;

      b.  the right to be free from deprivation of liberty without due process of law; and

      c.  the right to equal protection under the law.

41. In committing the acts and omissions complained of herein, Police Officers Tucker and Rios breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

42. As a direct and proximate result of Police Officers Tucker and Rios's violations of Mr. Ellis's rights under the United States Constitution, Mr. Ellis suffered the injuries set forth above.

### THIRD CLAIM FOR RELIEF
### 42 U.S.C. § 1983/Fourteenth Amendment – False Imprisonment
### (Against defendants Police Officers Tucker and Rios)

43. Plaintiff hereby repeats and realleges each allegation set forth in the foregoing paragraphs as if fully set forth herein.

44. In committing the acts and omissions complained of herein, and specifically by illegally stopping, searching, arresting, and detaining, and imprisoning Mr. Ellis, Police Officers Tucker and Rios acted under color of state law to deprive Mr. Ellis of rights protected by the United States Constitution, including, but not limited to:

      a.  the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion, legal justification, or consent;

      b.  the right to be free from deprivation of liberty without due process of law; and

c.  the right to equal protection under the law.

45. In committing the acts and omissions complained of herein, Police Officers Tucker and Rios breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

46. As a direct and proximate result of Police Officers Tucker and Rios's violations of Mr. Ellis's rights under the United States Constitution, Mr. Ellis suffered the injuries set forth above.

## FOURTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983/Fourteenth Amendment
### (Against defendant City of New York)

47. Plaintiff hereby repeats and realleges each allegation set forth in the foregoing paragraphs as if fully set forth herein.

48. Defendant City of New York, through the NYPD, and acting under the pretense and color of law, permitted, tolerated and was deliberately indifferent to a pattern and practice of police abuse at the time of Mr. Ellis's abuse by Police Officers Tucker and Rios.

49. By permitting, tolerating and sanctioning a persistent and widespread policy, practice and custom pursuant to which Mr. Ellis was subjected to the abuse described above, defendant City of New York has deprived Mr. Ellis of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including but not limited to rights guaranteed under the Fourteenth Amendment to be free from false arrest, gratuitous and excessive force, and false imprisonment.

50. As a direct and proximate result of the policy, practice and custom detailed above, Mr. Ellis sustained the damages hereinbefore alleged.

## FIFTH CLAIM FOR RELIEF
### Assault and Battery
### (Against all defendants)

51. Plaintiff hereby repeats and realleges each allegation set forth in the foregoing paragraphs as if fully set forth herein.

52. In assaulting, battering and threatening Mr. Ellis, or standing by and failing to intervene when Mr. Ellis was assaulted, defendants Police Officers Tucker and Rios, acting in their capacities as NYPD officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon Mr. Ellis.

53. The assault and battery by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers and constituted an unreasonable and excessive use of force.

54. Defendant City of New York, as employer of defendants Police Officers Tucker and Rios, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

55. As a direct and proximate result of the misconduct and abuse of authority detailed above, Mr. Ellis sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief against the defendants, jointly and severally, on each and every cause of action set forth herein:

a. compensatory damages in an amount just and reasonable;

b. punitive damages to the extent allowable by law;

c. attorney's fees pursuant to 42 U.S.C. § 1988;

d. costs and disbursements of this action;

e. pre- and post-judgment interest; and

9

f.   such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all claims in this action.

Date: December 10, 2014

Bertrand Madsen
MADSEN LAW P.C.
111 Broadway, Trinity Building
13th Floor, Suite 1305
New York, NY 10006
Tel.  212.346.7744
Fax  212.346.4665
bmadsen@madsenlawpc.com

*Counsel for plaintiff Kevin Ellis*

# Exhibit A

In the Matter of the Claim of KEVIN ELLIS

-against-

CITY OF NEW YORK

TO :    Comptroller of the City of New York

        PLEASE TAKE NOTICE   that the undersigned claimant hereby intends to make claim and demand against you upon information and belief as follows

1. The name and address of each claimant and claimant's attorney:

KEVIN ELLIS
596 Van Siclen Avenue
Brooklyn, NY 11207


MADSEN LAW P.C.
Attorneys for Claimant
111 Broadway, 13th Floor, Suite 1305
New York, NY 10006
Tel: (212) 346-7744
Fax: (212) 346-4665

2.  The nature of the claim:

        The claim is for negligence, personal injuries, pain and suffering, and other attendant losses, assault, battery, false/unlawful arrest, excessive force, illegal detainment/false imprisonment, malicious prosecution, violation of the Claimant's civil rights pursuant to 42 U.S.C. s.1983 and the Fourteenth Amendment to the United States Constitution, as well as state constitutional rights.  KEVIN ELLIS hereby claims monetary damages against the respondent, THE CITY OF NEW YORK, through its agents, servants, employees, and others.  Upon information and belief, Respondent by its agents, servants, employees, and those persons conducted a negligent and unlawful investigation, arrest, search, detainment, and prosecution of the Claimant and physically abused Claimant in violation of New York common law and the United States Constitution.

3. The time when, the place where and the manner in which the claim arose:

        On the night of March 11, 2014 / morning of March 12, 2014, at approximately midnight, on East 58th Street, near Avenue M, in Brooklyn, New York, KEVIN ELLIS was physically abused by New York police officers without cause. As Mr. Ellis was walking on the sidewalk,

the officers pulled up in an unmarked car, stopped Mr. Ellis, put him against the back of the car, searched him, handcuffed him, then, while he was handcuffed, sprayed his face with mace (or pepper spray or some similar substance), and finally took him to the police station and held him there for approximately two hours. Mr. Ellis did nothing to justify any of this conduct by the police officers, nor did he do anything to provide the officers with any reasonable basis to believe that any of this abusive conduct could possibly be warranted.

4. The items of damage or injuries claimed:

That as a result of the negligence, assault, battery, and excessive force of the City of New York employees acting within the scope of their employment, claimant was caused to suffer multiple serious personal injuries, including, but not limited to extreme burning and stinging of the eyes and skin, inflammation of the eyes, lungs, nose and throat, temporary blindness, blurred vision, swelling of the eyes, disorientation, loss of balance and perception, respiratory injuries, as well as pain and suffering, humiliation and mental anguish and other losses all of which have not yet be ascertained.

All of the above substantiate a claim for compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00).

The undersigned claimant presents this claim for adjustment and payment. You are notified that if it is not adjusted and paid within the time frame provided by law from the date of presentation, claimant intends to commence an action upon the claim.

Dated: New York, New York
       April 22, 2014

KEVIN ELLIS

BERTRAND MADSEN
MADSEN LAW P.C.
Attorneys for Claimant
111 Broadway, 13th Floor, Suite 1305
New York, NY 10006
Tel: (212) 346-7744
Fax: (212) 346-4665

2

<u>Individual Verification</u>

STATE OF NEW YORK     )
COUNTY OF NEW YORK  ) ss:

    KEVIN ELLIS, being duly sworn, deposes and says that deponent is the Claimant in the within action; that he has read the foregoing Notice of Claim and knows the contents thereof; and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters deponent believes it to be true.

_____
KEVIN ELLIS

Sworn to before me this
22 day of April 2014

_____
NOTARY PUBLIC

SAM A. SCHMIDT
Notary Public, State of New York
No. 31-02SC4917244
Qualified in New York County
Commission Expires December 7, 20 17

3

# Exhibit B

CRC-S200 (7/09)

# Complaint/Information

## The People of The State of New York vs.

Name (Last, First, MI)

Eilis Lovin

Street Address

2025 Church Ave

Apt. No. 2

City

Brooklyn

State

NY

Zip Code

11226

ID/License Number

A205158433070

State

NY

Type/Class

E

Expires (mm/dd/yy)

9/7/14

Sex

M

Date of Birth (mm/dd/yy)

9/7/84

Ht.

6'1

Wt.

175

Eyes

Brn

Hair

Blk

Plate/Reg.

Reg. State | Expires (mm/dd/yy) | Plate Type | Veh Type | Make | Year | Color

## The Person Described Above is Charged as Follows:

Time 24 Hour (hh:mm)

0100

Date of Offense (mm/dd/yy)

03/12/14

County

Kings

Place of Occurrence

C/O E58st & A Ave 114

Precinct

063

In Violation of Section | Subsection | Att | A-Mvd Code | Penal Law | Public Health | Other

## Title of Offense:

Bronx Criminal Court - 215 E 161 Street, Bronx, NY 10451

Kings Criminal Court - 346 Broadway, New York, NY 10013

Redhook Community Justice Center - 88-94 Visitation Place, Brooklyn, NY 11231

New York Criminal Court - 346 Broadway, New York, NY 10013

Midtown Community Court - 314 W 54 Street, New York, NY 10019

Queens Criminal Court - 120-55 Queens Boulevard, Kew Gardens, NY 11415

Richmond Criminal Court - 67 Targee Street, Staten Island, NY 10304

Defendant stated in my presence (in substance):

I personally observed the commission of the offense charged herein. False statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law. Affirmed under penalty of law.

Complainant's Full Name Printed

Tucker

Rank/Hill St. Award & Complainant

PO

Date Affirmed (mm/dd/yy)

3/12/14

Agency

NYPD

Tax Registry

941168

Command Code

063

The person described above is summoned to appear in NYC Criminal Court located at:

346 Broadway

Summons Part

2

County

NY

Date of Appearance (mm/dd/yy)

05/12/14

At 9:30 a.m.

## DEFENDANT'S COPY

**Notice:** **If you do not follow these instructions a warrant may be ordered for your arrest.**

**To Plead Not Guilty:** You must come to court at the place and time shown on the front of this summons.

**To Plead Guilty:** You must come to court at the place and time shown on the front of this summons. However, if you are charged with **Public Consumption of Alcohol, or Public Urination,** you may plead guilty by mail. If you plead guilty by mail you do not have to come to court.

To Plead Guilty by Mail within 10 days of the date this summons was issued (To one of the above two charges only):
* Complete and sign the "**Guilty Plea by Mail Form**" below.
* Prepare a check or money order payable to NYC Criminal Court for **$25 for Pubic Consumption of Alcohol or $50 for Public Urination.**
    * Write the summons number on the check or money order.
            **DO NOT SEND CASH.**
    * Mail the check or money order with this completed form to:

**NYC CRIMINAL COURT**
**P.O. BOX 555**
**NEW YORK, N.Y. 10013-0555**

**The court record of this case will show your guilty plea to an offense that is not a crime under New York law. This guilty plea will be a public record available at the courthouse. Consult with an attorney if you have questions about this.**

---

### Guilty Plea By Mail Form
#### For Public Consumption of Alcohol or Public Urination Only

I hereby plead guilty to the following charge: (Place a mark next to the correct charge.)

_____ Public Consumption of Alcohol [Administrative Code section 10-125 (b)], a violation not a crime as charged on this summons.
* I understand that this violation is punishable by a fine of not more than $25 or imprisonment of up to five days or both.
* I agree that the sentence imposed will be a $25 fine.

_____ Public Urination [Administrative Code section 16-118(6)], a violation not a crime as charged on this summons.
* I understand that this violation is punishable by a fine of $50-$250 or imprisonment for up to ten days or both.
* I agree that the sentence imposed will be a $50 fine.

By entering a plea of guilty to this charge I agree to the following:
* I waive arraignment in open court, the right to the assistance of a lawyer, and the right to receive a copy of the accusatory instrument.
* I understand that a plea of guilty to the charge is equivalent to a conviction after a court trial.
* I understand that the court can refuse any guilty plea. If this occurs my payment will be returned and the court will notify me in writing when and where to come to court regarding this summons.

I plead guilty to and admit committing the offense as set forth in this summons.

Signature _____ Date _____

**Check or Money Order Payable to NYC Criminal Court Must Be Enclosed.**

CRC-3206 (7/09)

# Complaint/Information

**The People of The State of New York vs.**

| | | | | | | |
|---|---|---|---|---|---|---|
| Name (Last, First, MI): Ellis Kevin | | | | | | |
| Street Address: 2025 Church Ave | | | | | Apt. No. | |
| City: Bklyn | | | State: NY | | Zip Code: 11226 | |
| ID/License Number: E420515843270 | State: FL | Type/Class: E | Expires (mm/dd/yy): 9/7/14 | | Sex: M | |
| Date of Birth (mm/dd/yy): 9/7/84 | Ht: 6'1 | Wt.: 175 | Eyes: Brn | Hair: Blk | Plate/Reg | |
| Reg State | Expires (mm/dd/yy) | Plate Type | Veh Type | Make | Year | Color |

**The Person Described Above is Charged as Follows:**

| | | |
|---|---|---|
| Time 24 Hour (hh:mm): 0100 | Date of Offense (mm/dd/yy): 03/12/14 | County: Kings |
| Place of Occurrence: c/o E58 St & Ave M | | Precinct: 063 |

| In Violation of Section | Subsection | VTL | Admin. Code | Penal Law | Park Rules | Other |
|---|---|---|---|---|---|---|
| [illegible] | | ☐ | ☐ | ☐ | ☐ | |

**Title of Offense:** littering

Bronx Criminal Court - 215 E 161 Street, Bronx, NY 10451

Kings Criminal Court - 346 Broadway, New York, NY 10013

Redhook Community Justice Center - 88-94 Visitation Place, Brooklyn, NY 11231

New York Criminal Court - 346 Broadway, New York, NY 10013

Midtown Community Court - 314 W 54 Street, New York, NY 10019

Queens Criminal Court - 120-55 Queens Boulevard, Kew Gardens, NY 11415

Richmond Criminal Court - 67 Targee Street, Staten Island, NY 10304

Defendant stated in my presence (*in substance*): N/A

I personally observed the commission of the offense charged herein. False statements made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of the Penal Law. Affirmed under penalty of law.

| | | |
|---|---|---|
| Complainant's Full Name Printed: Tucker | Rank/Full Signature of Complainant: Po [signature] | Date Affirmed (mm/dd/yy): 3/12/14 |
| Agency: NYPD | Tax Registry: 941108 | Command Code |

| | | |
|---|---|---|
| The person described above is summoned to appear at NYC Criminal Court located at: 346 Broadway | Summons Part: 1 | County: NY |
| Date of Appearance (mm/dd/yy): 06/12/14 | At 9:30 a.m. | |

4404428522

**DEFENDANT'S COPY**

<u>Notice</u> - **If you do not follow these instructions a warrant may be ordered for your arrest.**

<u>To Plead Not Guilty:</u> You must come to court at the place and time shown on the front of this summons.

<u>To Plead Guilty:</u> You must come to court at the place and time shown on the front of this summons. However, if you are charged with **Public Consumption of Alcohol**, or **Public Urination**, you may plead guilty by mail. If you plead guilty by mail you do not have to come to court.

To Plead Guilty by Mail within 10 days of the date this summons was issued (To one of the above two charges only):

* Complete and sign the **"Guilty Plea by Mail Form"** below.
* Prepare a check or money order payable to NYC Criminal Court for **$25 for Public Consumption of Alcohol or $50 for Public Urination.**
    * Write the summons number on the check or money order.

    **DO NOT SEND CASH.**

    * Mail the check or money order with this completed form to:

    **NYC CRIMINAL COURT**
    **P.O. BOX 555**
    **NEW YORK, N.Y. 10013-0555**

**The court record of this case will show your guilty plea to an offense that is not a crime under New York law. This guilty plea will be a public record available at the courthouse. Consult with an attorney if you have questions about this.**

---

**Guilty Plea By Mail Form**
For Public Consumption of Alcohol or Public Urination Only.

I hereby plead guilty to the following charge: (Place a mark next to the correct charge.)

_____ **Public Consumption of Alcohol** [Administrative Code section 10-125 (b)], a violation not a crime as charged on this summons.
* I understand that this violation is punishable by a fine of not more than $25 or imprisonment of up to five days or both.
* I agree that the sentence imposed will be a $25 fine.

_____ **Public Urination** [Administrative Code section 16-118(6)], a violation not a crime as charged on this summons.
* I understand that this violation is punishable by a fine of $50-$250 or imprisonment for up to ten days or both.
* I agree that the sentence imposed will be a $50 fine.

**By entering a plea of guilty to this charge I agree to the following:**
* I waive arraignment in open court, the right to the assistance of a lawyer, and the right to receive a copy of the accusatory instrument.
* I understand that a plea of guilty to the charge is equivalent to a conviction after a court trial.
* I understand that the court can refuse my guilty plea. If this occurs my payment will be returned and the court will notify me in writing when and where to come to court regarding this summons.

**I plead guilty to and admit committing the offense as set forth in this summons.**

Signature _____     Date _____

Check or Money Order Payable to NYC Criminal Court Must Be Enclosed.