UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

KEVIN ELLIS,

                           Plaintiff,    ORDER

       - against -                   14-cv-7203(RRM)(MDG)

THE CITY OF NEW YORK, et al.,

                          Defendants.

- - - - - - - - - - - - - - - - - - - X

    The parties have jointly moved for a protective order of confidentiality to protect certain information that may be produced in discovery and submitted a proposed stipulated protective order (the "Proposed Protective Order.") See ct. doc. 12-1. This Court finds, given the nature of the claims asserted herein, that certain documents produced in discovery may contain confidential private information for which special protection from public disclosure and from use for any purpose other than litigating this action would be warranted. Accordingly, this Court orders as follows:

    I. The Proposed Protective Order, to which the parties have stipulated and which is annexed hereto as Exhibit 1, is approved and incorporated herein, except as modified below.

    II. The parties may designate additional documents and information as "Confidential Material" under paragraph 2(b) only if the document is entitled to confidential treatment under applicable legal principles, such as personnel and disciplinary

records; private personal, medical, mental health, or financial information; information required by law to be maintained in confidence by any person; and information protected from disclosure by government regulations may be so designated.  Thus, records or information which are publicly available or do not fall within the preceding categories described may not be designated as confidential.  In addition, this Order protects all copies, abstracts, charts, summaries, and notes made from material properly designated as Confidential.  Nothing in this Order shall be construed as conferring blanket protection on all disclosures or responses to discovery or as constituting a determination of the relevance or admissibility of any discovery materials.

    III. Notwithstanding the provisions of this Protective Order, the parties are advised that if they seek to seal documents as to matters not related to discovery, such as dispositive motions or trial materials, the Court may revisit the provisions of this protective order in order to tailor more narrowly the appropriate scope of sealing and redacting of information in light of the right of the public to inspect judicial documents under both the First Amendment and under common law.

    IV.  The parties must comply with procedures of the Clerk's Office and this Court's Chambers Rules as to documents to be filed under seal or filed with redactions.[1]  This process requires that

---

[1] The Clerk's instructions for electronically filing sealed documents are currently available on the Court's website at:
(continued...)

a party seeking to seal a document must first file a Motion for Leave to e-file a sealed document, with the proposed sealed documents attached to the motion.  The ECF system will notify the party when the motion is granted and provide instructions for filing the sealed document, using both the appropriate event for the motion and the sealed document event.  If leave to file under seal is granted and if the document contains relevant information that is not confidential, the filing party will be required to file publicly a copy of the sealed document with the confidential information redacted.

V. The parties must use best efforts to minimize the number and extent of documents filed under seal.  Prior to seeking leave to file a document containing Confidential Materials under seal, a party must determine whether the material that gives rise to a "Confidential" designation is relevant and necessary to the filing and whether redaction of the confidential materials may eliminate the need for sealing the document. If the material that is confidential is not relevant to the filing and there is no need to seal the remainder of the document, the document should be filed unsealed, with the confidential information redacted.

If the parties intend to file documents that include Confidential Material in connection with a motion, they must, if possible, propose a schedule for briefing of a motion which

---

[1](...continued)
https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf

includes a short delay in filing submissions so the parties will have time to confer on minimizing the volume of documents that a party will seek to file under seal or to avoid having to file a motion to seal.

VI.   If the information that is confidential is relevant to the filing, the document containing such information may be filed under seal, with the following limitations:

>   (A)   If the document containing confidential materials is a document prepared or caused to be prepared by a party for this litigation, such as an affidavit, memorandum of law or deposition transcript, the parties must publicly file the document with the confidential materials redacted.
>
>   (B) If the confidential material constitutes a small portion of a document, the parties must publicly file the document with the confidential materials redacted.

VII.   The parties should make best efforts to file sealed documents electronically.  If a party has to file a hard copy, any such submission must be accompanied by a cover sheet in accordance with the form "Notice Regarding the filing of Exhibits in Paper Form," in the CM/ECF User's Guide.  The Notice must also be filed electronically.  Any sealing envelope should clearly describe the document to be sealed and identify the document number on the docket sheet that corresponds to such sealed document.  Each envelope submitted for sealing may contain only one document or

portions of one filing (such as multiple exhibits annexed to a document filed).

VIII.  A party submitting a document under seal or filing a document with redacted information must provide the District Judge and/or Magistrate Judge to be handling the application or motion at issue with a complete and un-redacted copy of the submission that is marked to indicate that the document is filed under seal, if applicable, and what portions of the submission are confidential.  The first page of the document must clearly indicate that the document or portions thereof are filed under seal or with redactions and the assigned ECF document number.

IX. Any Confidential Material which is publicly disclosed by the affected persons shall, upon disclosure, automatically cease to be confidential or highly confidential information entitled to protection by this Order.  Such public disclosure includes an filing with any governmental agency or department of any document containing confidential material which is subject to access by the public.

**SO ORDERED.**

Dated:    Brooklyn, New York
          August 31, 2015

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE